Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. A set of Maintenance Department Work Requests, marked as Stipulated Exhibit Number One, is admitted into evidence.
2. A set of disciplinary reports, marked as Stipulated Exhibit Number Two, is admitted into evidence.
3. A set of documents including plaintiffs medical records and defendants administrative remedy procedures, marked as Stipulated Exhibit Number Three, is admitted into evidence.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was incarcerated by defendant in its Warren County institution. On 19 March 1997, plaintiff was housed in Central Prison.
2. On that date, plaintiffs bunk was in a dormitory. Plaintiff was a assigned to the top bunk. The dormitorys lighting consisted of rectangular light fixtures equipped with florescent light bulbs. These fixtures were attached to the ceiling by metal chains that were approximately five feet in length.
3. The light fixtures were positioned so that they hung within an arms length of the top bunks in the dormitory. Inmates frequently used the light fixtures as a place to conceal contraband.
4. Plaintiff testified that on 19 March 1997 he left his bunk to go to the cafeteria for a meal. He testified that as he was leaving his bunk, the light fixture adjacent to his bunk fell and struck his forehead, above his hair line. Plaintiff further testified that prior to the fixtures fall, he had observed that the fixture was lopsided, or did not hang evenly from the ceiling.
5. Having heard plaintiffs testimony and observed his demeanor, the Deputy Commissioner did not accept this testimony as credible. The Full Commission declines to reverse this credibility determination.
6. On 19 March 1997, the light fixture adjacent to plaintiffs bunk did strike plaintiffs head. The fixture did not fall due to some defect. Rather, when plaintiff dismounted from his bunk, he grasped and hung from the fixtures chain, causing the links to pull open and causing the fixture to fall.
7. Assuming arguendo that plaintiffs testimony was credible, he testified that he did not report any apparent defect in the light fixture to any employee of defendant. Assuming that there was some defect in the light fixture, the evidence of record is insufficient to show that defendants employees knew or reasonably should have known that the fixture was not in proper condition and might fall as a result.
***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendants employees did not breach a duty of care owed to plaintiff and therefore were not negligent. Robinson v. State ofN.C., ___ N.C. ___,___ S.E.2d ___ (No. 203A99 filed October 8, 1999).
2. If defendants employees were in any way negligent, plaintiffs claim for damages as a result of his injury on 19 March 1997 is barred by his contributory negligence. N.C. Gen. Stat. 143-291.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be and the same is hereby DISMISSED.
2. Each party shall bear its own costs.
This the ___ day of June, 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/bjp